NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DELLAMORTE, LLC,<br><br>　　　　　　　　　　Plaintiff,<br>　v.<br>THE MICHAELS COMPANIES, INC.,<br>　　　　　　　　　　Defendant. | Civil Action No.: 21-cv-2029<br><br>OPINION |

**CECCHI, District Judge.**

**I.　INTRODUCTION**

This matter comes before the Court by way of defendant The Michaels Companies, Inc.'s ("Defendant") motion to dismiss plaintiff Dellamorte, LLC's ("Plaintiff") First Amended Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 20. Plaintiff opposed the motion (ECF No. 23), and Defendant replied (ECF No. 24). The Court decides this matter without oral argument pursuant to Fed. R. Civ. P. 78. For the reasons set forth below, Defendant's motion to dismiss is denied.

**II.　BACKGROUND**[1]

This case concerns an alleged instance of copyright infringement; specifically, Defendant's appropriation of Plaintiff's Vampire Bat Mug. Michael Locascio ("Locascio"), the individual behind the corporate entity Plaintiff, is an artist and sculptor known for designing and creating lifelike pieces that "reflect an appreciation for the macabre, the mythic, and the unusual." ECF No. 18 ("Am. Compl.") at ¶¶ 6–7, 9, 12. Locascio advertises and sells his art through Plaintiff. *Id.* at ¶ 11.

One of Lacascio's original pieces is his Vampire Bat Mug, a black drinking vessel

---
[1] The following facts are accepted as true for purposes of the motion to dismiss.

adorned with a three-dimensional sculpture of a silver bat oriented towards the viewer with its wings raised, a waxing crescent moon, and a decorative handle fashioned to look like an archway. *Id.* at ¶¶ 13, 41. Locascio allegedly received a copyright for this creation on June 27, 2017. *Id.* at ¶¶ 17–18; *see also* ECF No. 10-1 ("Exhibit A"). After receiving the copyright for his Vampire Bat Mug, Lacascio assigned all rights to the copyright to Plaintiff. Am. Compl. at ¶ 19. Plaintiff manufactures the Vampire Bat Mug, advertises the Vampire Bat Mug on the internet and social media platforms, including Facebook, Pinterest, Instagram, and Tumblr, and sells the Vampire Bat Mug through retailers such as Etsy, eBay, and Amazon. *Id.* at ¶¶ 20, 22, 24–25. Plaintiff alleges that his social media accounts reach at least 30,000 individuals and that his art is noticed around the world, in particular by "designers and advertisers based in China." *Id.* at ¶¶ 22–23.

Plaintiff alleges that before August 2019, Defendant began selling a vase decorated with a "bat design copied from [Plaintiff's] Vampire Bat Mug," and trademarked with a mark, Ashland®, owned by Defendant. *Id.* at ¶¶ 29, 33. Plaintiff's customers allegedly notified Plaintiff through social media and reviews left on Defendant's website that Defendant had "ripped off," "stolen," or "cop[ied]" Plaintiff's Vampire Bat Mug by selling the vase. *Id.* at ¶¶ 36–37.

Thereafter, Plaintiff alleges that, on October 8, 2019, it sent a letter to Defendant identifying Plaintiff's copyright in the Vampire Bat Mug. *Id.* at ¶ 40. The letter allegedly also requested that Defendant cease and desist from selling its vase and offered to discuss a possible licensing agreement between the parties. *Id.* at ¶ 42. Plaintiff further alleges that, on October 25, 2019, it sent Defendant a second letter, asking for a response to the October 8th letter and claiming that the vase continued to be sold in Defendant's New Jersey stores. *Id*. Defendant allegedly replied on November 13, 2019, asserting it purchased the vase from a Chinese vendor

who had no knowledge of the Vampire Bat Mug and that, in any event, the vase did not infringe upon Plaintiff's copyright. *Id.* at ¶¶ 43–45.

Plaintiff commenced this action on February 7, 2021 (ECF No. 1), and filed a First Amended Complaint on June 2, 2021, alleging one claim for copyright infringement pursuant to 17 U.S.C. § 101 *et seq.* (ECF No. 18). Defendant filed this motion to dismiss Plaintiff's claim on July 2, 2021 (ECF No. 20). Plaintiff opposed the motion (ECF No. 23), to which Defendant replied (ECF No. 24).

### III. LEGAL STANDARD

To survive dismissal under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). A claim is facially plausible when supported by "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint that contains "a formulaic recitation of the elements of a cause of action" supported by mere conclusory statements or offers "'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. *Id.* (alteration in original) (citation omitted). In evaluating the sufficiency of a complaint, the court accepts all factual allegations as true, draws all reasonable inferences in favor of the non-moving party, and disregards legal conclusions. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231–34 (3d Cir. 2008).

When considering a copyright infringement claim on a motion to dismiss, courts may consider evidence extrinsic to the complaint that is integral to the suit—namely, the copyrighted and allegedly infringing works. *Tanksley v. Daniels*, 902 F.3d 165, 172 (3d Cir. 2018) (citing *In Re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999)). Because all that is

3

required to evaluate a copyright infringement claim is the visual comparison of the relevant works, no discovery is necessary, and, accordingly, a court may decide copyright claims at the pleading stage. *Nicassio v. Viacom Int'l, Inc.*, 776 F. App'x 761, 764–65 (3d Cir. 2019) (citing *Tanksley*, 902 F.3d at 172). A court will dismiss a copyright infringement claim if it concludes that "no trier of fact could rationally determine the two [works] to be [substantially] similar." *Cianelli v. Nourison Indus., Inc., et al.*, No. 19-cv-19147, 2020 WL 4882500, at *5 (D.N.J. Aug. 20, 2020) (quoting *Tanksley*, 902 F.3d at 172) (first alteration in original).

**IV.    DISCUSSION**

Defendant argues that no copyright infringement occurred because there is no substantial similarity between the protectable elements of the Vampire Bat Mug and Defendant's vase. ECF No. 20 ("Moving Br.") at 1. Further, even if substantial similarity exists between the works, Defendant argues that Plaintiff has inadequately alleged that Defendant actually copied the Vampire Bat Mug, or directed its vendor in China, who made the vase, to copy the Vampire Bat Mug. *Id.* However, as explained further below, after viewing images of both the Vampire Bat Mug and the vase (*see* Am. Compl. at ¶¶ 13, 41; Moving Br. at 5–6), and considering the submissions of both parties, the Court finds that Plaintiff has sufficiently pleaded a copyright infringement claim.

To establish a copyright infringement claim, a plaintiff must adequately allege: "(1) ownership of a valid copyright; and (2) unauthorized copying of original elements of the plaintiff's work." *Dun & Bradstreet Software Servs., Inc. v. Grace Consulting, Inc.*, 307 F.3d 197, 206 (3d Cir. 2002). As to the first element, the parties do not dispute that Plaintiff is the owner of the Vampire Bat Mug's valid copyright. *See, e.g.,* Moving Br. at 6; Am. Compl. at ¶¶ 17–18. The Court also notes that attaching a copy of the copyright registration to the

4

complaint is prima facie evidence that a plaintiff is the owner of a valid copyright. *See Browne v. Zaslow*, 103 F. Supp. 3d 666, 671 (E.D. Pa. 2015). Plaintiff has done so here (*see* Exhibit A) and thus has alleged facts sufficient to satisfy element one of a copyright infringement claim.

Turning to the second element, to sufficiently plead unauthorized copying, a plaintiff must establish: (1) material appropriation of the copyrighted work and (2) actual copying. *See Tanksley*, 902 F.3d at 173. The Court considers these components in turn.

### A. Material Appropriation

To determine if material appropriation of the copyrighted work has occurred, a court must assess whether the alleged copying has resulted in substantial similarity between the plaintiff's work and the defendant's work. *See Purohit v. Legend Pictures, LLC*, 448 F. Supp. 3d 382, 386 (D. Del. 2020). Works are substantially similar if "a 'lay-observer' would believe that the copying was of protectible aspects of the copyrighted work." *Tanksley*, 902 F.3d at 174 (quoting *Dam Things from Den. v. Russ Berrie & Co.*, 290 F.3d 548, 562 (3d Cir. 2002)). In conducting this inquiry, a court must perform "a side-by-side comparison of the works, and excluding any unprotectable elements, assess whether the two works are substantially similar." *Id.* (citing *Dam Things from Den.*, 290 F.3d at 566). When performing this side-by-side comparison, "the first step is to identify and exclude from the substantial similarity analysis any unprotected material." *Id.* at 175.

#### 1. Unprotected Elements

The Court begins its analysis by determining which elements, if any, of the Vampire Bat Mug are unprotected. Defendant argues that the Vampire Bat Mug contains two unprotected elements: (1) the utilitarian aspects of the mug, and (2) the colors and the crescent moon as they are part of the general Halloween-related theme of the mug. Moving Br. at 12.

5

A useful article is one that has "an intrinsic utilitarian function that is not merely to portray the appearance of the article or to convey information," and may not receive copyright protection. *Star Athletica, LLC v. Varsity Brands, Inc.*, 137 S. Ct. 1002, 1007 (2017) (citation omitted). However, "useful articles that 'incorporate[] pictorial, graphic, or sculptural features that can be identified separately from, and are capable of existing independently of, the utilitarian aspects of the article' may be eligible for protection of those features alone." *Silvertop Assocs. Inc. v. Kangaroo Mfg. Inc.*, 931 F.3d 215, 219 (3d Cir. 2019) (citations omitted). A feature of a useful article is copyrightable if: (1) the feature can be "perceived as a two- or three- dimensional work of art separate from the useful article" and (2) the feature qualifies "as a protectable pictorial, graphic, or sculptural work either on its own or in some other medium if imagined separately from the useful article." *Id.* at 219–20 (quoting *Star Athletica*, 137 S. Ct. at 1016).

Here, the Vampire Bat Mug contains a utilitarian feature—Plaintiff describes its work as a mug. *See generally* Am. Compl. Indeed, the parties do not dispute that the work's cylindrical structure, closed at one end, but open at the other and otherwise hollow, performs a utilitarian function, and is thus not protected by copyright. Moving Br. at 12–13; ECF No. 23 ("Opp.") at 11. Remaining, however, are the bat sculpture, moon, and handle. The Supreme Court's analysis in *Star Athletica, LLC v. Varsity Brands, Inc.* is instructive in determining whether these elements are protectable. There, the Court protected a two-dimensional design printed on a cheerleading uniform. *Star Athletica*, 137 S. Ct. at 1016. The Court reasoned that the design could be separated from the useful article (the cheerleading uniform) without simply replicating the article. *Id.* at 1012–13. Further, once separated, the design was protectable because it could be imagined existing in some other medium, like on a canvas. *Id*. Similarly, the Third Circuit in *Silvertop Assocs. Inc., v. Kangaroo Mfg., Inc.*, following *Star Athletica*, determined that a banana

6

costume constituted both a useful article (the costume as an article of clothing,) and a work of sculpture separate from the useful article (the costume's banana design). *Silvertop Assocs., Inc.*, 931 F.3d at 219–221. The Third Circuit held that the banana design was a protectable work of art because "once split from the costume, [the sculptural design] is not intrinsically utilitarian and does not merely replicate the costume." *Id.* at 221.

Applying this reasoning to the Vampire Bat Mug, the Court perceives the bat sculpture, the waxing moon, and arch handle as a work separate from the useful article, the mug.[2] Moreover, these elements are protectable because they could exist on their own as sculptural works, or could be affixed to a different non-useful medium. *See Day To Day Imports, Inc. v. FH Group Int'l, Inc.*, No. 18-14105, 2019 WL 2754996, at *5 (D.N.J. July 2, 2019) (finding that car seat covers are useful articles, but a two-dimensional design incorporated in the covers was protectable as it could exist in a different medium). In either case, the sculptures are not inherently utilitarian as the mug can perform its useful function with or without the sculptural features affixed to its exterior, and the sculptures do not replicate the utilitarian features of the mug. *Silvertop Assocs., Inc.*, 931 F.3d at 221; *see also Day To Day Imports, Inc.*, 2019 WL 2754996, at *5–*6 (finding that the design elements of car seat covers "add nothing to the utilitarian function" of the seat covers). Accordingly, only the cylindrical structure is a useful article, and is thus an unprotected element.

Defendant further argues that the black and silver coloring of the Vampire Bat Mug as well as the crescent moon constitute unprotected elements because they are components common to a Halloween-related theme. Moving Br. at 14–15. "[A] copyright only protects the holder's

---

[2] The Court notes that Defendant concedes the handle is a protectable element but argues that such concession should not lead the Court to find copyright infringement because the vase has no handle. Moving Br. at 14.

7

particular creative expression, not his ideas." *Tanksley*, 902 F.3d at 174. Accordingly, an individual does not receive copyright protection for those expressions "that are standard, stock, or common to a particular topic or that necessarily follow from a common theme or setting." *Dun & Bradstreet Software Servs., Inc.*, 307 F.3d at 214. Nevertheless, a combination of unprotected elements may be protected by copyright because "[w]hat is protectable . . . is 'the author's original contributions'—the original way in which the author has 'selected, coordinated, and arranged' the elements of his or her work." *Tanksley*, 902 F.3d at 175 (citations omitted).

Here, while silver and black coloring or a moon may not be independently protectable because they could flow from a common theme, Plaintiff chose to combine these specific components in creative and expressive ways to create the encompassing work of a "macabre" sculpture adorned on a mug. Am. Compl. at ¶¶ 15–16. Even if Plaintiff's choice of coloring the bat silver and orienting the animal below a crescent moon constitutes minimal creativity, the resulting combination still warrants copyright protection. *See Kay Berry, Inc. v. Taylor Gifts, Inc.*, 421 F.3d 199, 207 (3d Cir. 2005) ((finding that when an artist combines unprotected elements and adds "his or her own imaginative spark . . . the [artist] is entitled to protection for the result" even if the contribution is only minimal) (citing *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 345, 348 (1991))). Accordingly, considering the work in its entirety, Plaintiff's choice of colors and the crescent moon are not excluded from the substantial similarity analysis. *See Tanksley*, 902 F.3d at 175 (suggesting that courts should "keep[] sight of the work's total concept and feel").

    2.  <u>Substantial Similarity</u>

After identifying the unprotected element of the work—the cylindrical structure of the Vampire Bat Mug—the Court must now determine whether there is substantial similarity

between the remaining, protectable portions of Plaintiff's work and the Defendant's vase. As stated above, two works are substantially similar if "a 'lay-observer' would believe that the copying was of protectible aspects of the copyrighted work." *Id.* at 174 (quoting *Dam Things from Den. v. Russ Berrie & Co.*, 290 F.3d 548, 562 (3d Cir. 2002)).

Here, the Court has conducted a side-by-side comparison of the works, and it determines that the Vampire Bat Mug and the vase are substantially similar. *Day To Day Imports, Inc.*, 2019 WL 2754996, at *5–*6. Both works contain a silver sculpture of a bat protruding from a black cylinder towards the viewer with its wings in a raised position. Am. Compl. at ¶¶ 13, 41; Moving Br. at 5–6. Each bat is cropped at the torso and is bearing its teeth in a menacing fashion. *Id*. Further, both works display vertical etchings on the wings, and etchings on the torso to evoke rippling fur. *Id*. Placed immediately above the heads and between the wings of the bats in both works is a silver crescent moon. *Id*. The sculptures also appear to be approximately the same size. *Id.* Thus, it is plausible that a lay observer would believe that Defendant's vase copied the protected elements of Plaintiff's Vampire Bat Mug.

Indeed, Plaintiff has alleged that lay observers believed that Defendant copied Plaintiff's work. Specifically, Plaintiff alleges that, after seeing Defendant's vase on sale in stores, customers contacted Plaintiff to ask whether its "idea was stolen" by Defendant, "the sculpture was ripped off" by Defendant, or if Defendant "had licensed [Plaintiff's] work." Am. Compl. at ¶ 37. Some customers also allegedly described the vase as "clearly a copy" and "exactly the same" as the Vampire Bat Mug (*Id.*), while others allegedly commented on the works' similarity in the review section of Defendant's website. *Id.* at ¶¶ 38–39. Accordingly, Plaintiff has adequately pleaded substantial similarity.

    **B.**    **Actual Copying**

Turning to the next factor of actual copying, it occurs when the defendant uses "the copyrighted work in creating his own." *Tanksley*, 902 F.3d 173. Actual copying need not be proved by direct evidence; instead, indirect evidence can suffice. *Id*. To establish actual copying by indirect evidence, a plaintiff must show: (1) that the defendant could reasonably access the copyrighted work, *Cottrill v. Spears*, 87 F. App'x 803, 805 (3d Cir. 2005), *as amended on reh'g* (June 2, 2004) (citing *Dam Things From Denmark*, 290 F.3d at 561), and (2) that there is a "probative similarity" between the plaintiff's work and the defendant's work.[3] *Tanksley*, 902 F.3d at 173.

Here, Plaintiff alleges facts sufficient to establish that Defendant could reasonably access the Vampire Bat Mug. Specifically, Plaintiff alleges that it advertises its products, including the Vampire Bat Mug, on various social media platforms, such as Facebook, Pinterest, Instagram, and Tumblr. Am. Compl. at ¶ 22. Through these social media accounts, Plaintiff has allegedly reached at least 30,000 followers. *Id*. In addition to its social media presence, Plaintiff alleges it advertises the Vampire Bat Mug on the internet more generally, and sells it through online retailers, including Etsy, eBay, and Amazon. *Id.* at ¶ 25. Plaintiff's reach over the internet allegedly extends to customers all over the world, in particular customers in China, where designers and advertisers have purportedly seen the Vampire Bat Mug. *Id.* at 23. These allegations are sufficient to show that Defendant could have reasonably accessed Plaintiff's work. *See Prokos v. Covered Wagon Invs. Inc.*, No. 19-cv-8493, 2020 WL 1433132, at *3 (C.D.

---

[3] The Third Circuit has noted that "probative similarity" is a less onerous standard than the substantial similarity standard required to establish material appropriation. *Tanksley*, 902 F.3d at 173. In assessing probative similarity, courts may consider both protected and unprotected elements of the copyrighted work. *Id*. In any event, because the Court has determined the works at issue here are substantially similar, the Court finds that Plaintiff has also met actual copying's probative similarity requirement. Thus, the Court focuses its actual copying inquiry into whether Defendant had reasonable access to the Vampire Bat Mug.

Cal. Mar. 23, 2020) (finding allegations that the photograph at issue was on plaintiff's website, social media sites, and third-party websites such as Tumblr and Pinterest satisfied the reasonable access requirement); *Kelly Tracht, LLC v. Dazzle Up, LLC*, No. 17-80434, 2017 WL 4681329, at *3 (S.D. Fla. Oct. 18, 2017) (finding plaintiff established reasonable access by alleging that the work at issue was sold and marketed on websites such as Etsy, Facebook, and Pinterest as well as trade group websites); *F.A. Davis Co. v. Wolters Kluwer Health, Inc.*, 413 F. Supp. 2d 507, 513 n.2 (E.D. Pa. 2005) (finding a plaintiff pleaded reasonable access by establishing that the publication at issue was available in bookstores). Accordingly, Plaintiff has sufficiently pleaded actual copying.

V.  **CONCLUSION**

For the reasons set forth above, Defendant's motion to dismiss is denied. An appropriate Order accompanies this Opinion.

DATED: January 27, 2022

s/ Claire C. Cecchi
**CLAIRE C. CECCHI, U.S.D.J.**
